Filed 3/7/16  P. v. Spilman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063422 |
| v. | (Super.Ct.No. SWF1401794) |
| DAVE SCOTT SPILMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Stephen J. Gallon, Judge.
Affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

Defendant Dave Spilman received a two-year prison sentence for convictions that
resulted from defendant speeding on his motorcycle and evading arrest while under the
influence of methamphetamine.  We affirm the conviction and sentence.

1

## FACTS AND PROCEDURE

In the wee hours of May 9, 2014, defendant rode his motorcycle on the southbound I-215 freeway past a marked California Highway Patrol (CHP) vehicle. The CHP officer in the vehicle activated the emergency lights and chased defendant. The officer used a speed gun device to measure defendant's speed as 95 miles per hour (mph) in a 75 mph zone. Defendant exited the freeway and accelerated up an off ramp. He drove through the red traffic light at the top of the ramp, overshot the center divider as he turned right, and continued driving on the wrong side of the divider into oncoming traffic. Defendant ran several more red lights and stop signs, and drove back and forth across the road, including into oncoming traffic. Defendant eventually turned onto a residential street and onto a dirt road, where the motorcycle fell down and defendant began to run.

The CHP officer pursued defendant on foot. When the officer caught up to defendant and told him to get on the ground, defendant assumed a fighting stance. The officer wrestled defendant to the ground and eventually handcuffed him with the help of his partner. A search of defendant found a small amount of methamphetamine. Defendant appeared to be under the influence of methamphetamine. He told the officer that he ran because he had the methamphetamine in his pocket and could not dispose of it while riding the motorcycle. He also admitted to having purchased and used methamphetamine earlier that evening. Defendant's blood later tested positive for methamphetamine.

2

On January 7, 2015, the People charged defendant with reckless evading (Veh. Code, § 2800.2), possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), driving under the influence (Veh. Code, § 23152, subd. (e)), driving with a suspended license (Veh. Code, § 14601.1, subd. (a)), resisting arrest (Pen. Code, § 148, subd. (a)(1)), and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)).

On January 9, 2015, a jury convicted him of all charges.

On March 20, 2015, the trial court sentenced defendant to two years for the reckless evading, plus concurrent terms on each of the other convictions.

This appeal followed.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and a potential arguable issue, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

3

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

4